UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Kara Mangum, ) | C/A No. 3:03-3765-JFA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Jerry Williamson and Deborah ) | |
| Hoffman Williamson, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on the defendants' motion to vacate judgment pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure.

The defendants were served with the summons and complaint in December 2003. The defendants, acting *pro se*, each filed answers on December 30, 2003. The defendants assert that in March 2004 they moved and filed a change of address form with the United States Post Office. Defendants assert that after this date, they received no further communication from the plaintiff or the court and learned of the judgment only through a newspaper account.

On December 15, 2004, the plaintiff filed a motion to move the case to the non-jury roster, despite the defendant's prior request for a jury trial. The court interpreted the defendant's failure to appear at a pre-trial conference as a waiver of the defendant's right to a jury trial and granted the motion. The court held a bench trial in this action on February 17, 2005. The defendants again failed to appear. After testimony from three witnesses, judgment

1

was entered for the plaintiff in the amount of $100,000 jointly and severally against both defendants and $25,000 punitive damages against Mr. Williamson. The defendants filed this motion to vacate the judgment on March 22, 2005.

The defendants, asserting that they did not receive notice of the trial, move the court to set aside the judgment on the basis of mistake, excusable neglect or other reason justifying relief, pursuant to Rule 60(b), Fed. R. Civ. P.

### DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part: "On motion . . . , the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. . . ."

In order to seek relief under Rule 60(b), "a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993).

*A. Timeliness*

Rule 60 states that a motion for relief from judgment "shall be made within a reasonable time . . ." Rule 60(b), Fed. R. Civ. P. According to the defendants, they learned of the judgment through a newspaper account and acted quickly to retain counsel, who expeditiously prepared this motion and supporting memorandum. The defendant filed this motion to vacate judgment approximately one month after the judgment was entered in this

case. The court finds that this is a reasonable time and, therefore, the motion was made in a timely manner.

### B. Meritorious Defense

A meritorious defense requires "a proffer of evidence which would permit a finding for the defaulting party or which should establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). The defendants assert as a defense a general denial as well as a dispute of the amount of damages. The defendants assert that if the judgment is vacated, they will challenge the credibility of the plaintiff's witnesses. The court finds that the defendants have proffered sufficient evidence to indicate that the defendants may have a meritorious defense.

### C. Lack of Prejudice to Opposing Party

The defendants assert that the plaintiff would not be unduly prejudiced by the requested relief. Defendants cite *Augusta Fiberglass*, 843 F.2d at 812: "As to prejudice, we perceive no disadvantage to [plaintiff] beyond that suffered by any party which loses a quick victory." In this case, the plaintiff presented several hours of unopposed testimony before the court rather than a jury and was awarded $125,000 judgment. The court finds that the plaintiff will suffer no undue prejudice if the requested relief is granted.

### D. Exceptional Circumstances

In this case, the defendants' asserted their right to a jury trial in their answers. When the defendants failed to appear at a pre-trial conference, the plaintiff filed a motion to move the case to the non-jury roster. The court granted this motion and held a bench trial in the

defendants' absence. The possible denial of the defendants right to a jury trial is an exceptional circumstance. Therefore, the defendants have met the requirements to seek relief under Rule 60(b).

*E. Any Other Reason Justifying Relief*

As part of their motion to vacate judgment, the defendants have raised the issue of the denial of their right to a jury trial as an ground to vacate the judgment.[1] The defendants argue that, pursuant to Rule 38(d), a petition for a jury trial "may not be withdrawn without the consent of the parties." Rule 38(d), Fed. R. Civ. P. There is some support for the proposition that failure to appear at trial can act as a waiver to the right to a jury trial. *See Rubin v. Johns*, 109 F.R.D. 174 (D. Virgin Islands 1986); *In the Matter of 1208, Inc.*, 188 F. Supp. 664, 666 (E.D.Pa. 1960); and *Olsen v. International Supply Co.*, 22 F.R.D. 221 (D.Alaska 1958). *See also* 9 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d §2321 (1995). However, the right to a jury trial is fundamental in our system of justice and should be guarded by the courts. Therefore, out of an abundance of caution, the court finds that the possible denial of the defendants right to a jury trial is sufficient reason to justify relief in this case.

## CONCLUSION

The judgment in this case is hereby vacated. This case shall be re-opened and returned

---

[1] The defendants in this case were notified of their obligation to provide the court with their current address in the event that they moved. The defendants assert that their failure to notify the court of their change of address occurred through mistake or inadvertence or, in the alternative, was the result of excusable neglect. The court need not reach this issue in order to resolve the current motion.

to the jury roster.

    IT IS SO ORDERED.

                                                /s/ Joseph F. Anderson, Jr.
                                                United States District Judge

June 23, 2005
Columbia, South Carolina